UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUI LIAN KE,<br>   Plaintiff,<br> v.<br>LYDIA GONZALEZ, et al.,<br>   Defendants. | Case No. 17-cv-04226-EMC<br><br>**ORDER OF DISMISSAL**<br>Docket No. 8 |

## I.   INTRODUCTION

Plaintiff Hui Lian Ke, also known as Lily Ko, filed this *pro se* civil action. Her amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, the action will be dismissed.

## II.   BACKGROUND

At the time she filed this action, Plaintiff was housed at the Santa Clara County Jail as a pretrial detainee; later, she was moved to Napa State Hospital; later still, she was returned to the Santa Clara County Jail.

Upon initial review pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff's initial pleading failed to state a claim upon which relief may be granted and permitted Plaintiff to file an amended complaint. Docket No. 5. The Court cautioned Plaintiff that failure to file an amended complaint by the deadline would result in the dismissal of this action. *Id.* at 8.

Plaintiff filed an "amended action to seek relief" (Docket No. 8), which the Court construes to be an amended complaint. Much of the amended complaint does not make sense. The portion of the document that the Court can understand concerns a case in which the Santa Clara County Department of Family and Children Services (DFCS) has taken Plaintiff's two

1 children, Frank and Jaya, into custody and placed them in foster homes. *See* Docket No. 8 at 2.
2 At or after an early proceeding in the dependency case, the superior court judge appointed both a
3 guardian ad litem and counsel for Plaintiff. *Id.* at 3. Plaintiff alleges that she mailed a "notarized
4 affidavit specifying the care for her son & daughter while under DFCS possession, with demand
5 for their immediate return due to defects," and that affidavit became a "binding contract in absence
6 of any rebuttals from all the recipients." *Id.*

7 In addition to complaining about the dependency proceedings, Plaintiff complains about
8 the behavior of people in the Santa Clara County Superior Court Clerk's office. Clerk Joyce
9 allegedly permitted Plaintiff to have only two pages of a case file per visit, which made it
10 necessary for Plaintiff to make several visits to obtain documents from the state court file. *Id.* at 4.
11 Plaintiff allegedly then sent to clerk Joyce a California Public Records Act request to obtain the
12 complete file and docket sheet for both cases in which Plaintiff was interested. *Id.* In response,
13 Plaintiff allegedly received a 15-page request form to fill out, and would have to wait 3-4 months
14 to obtain the files if the request was approved by a panel. Docket No. 8 at 4. Plaintiff alleges that
15 her appointed counsel and guardian ad litem refused to provide the documents. *Id.* Plaintiff
16 alleges that she called court reporter Amy in May and June 2014 to obtain a transcript for a May 9,
17 2014 proceeding and was told it would be a 2-week wait for the transcripts. *Id.* at 5. Plaintiff
18 further alleges that, after not receiving the transcript, she sent a Public Records Act request in June
19 2014, and obtained the transcript in December 2014. *Id.* The transcript had some unidentified
20 errors and omissions. *Id.* In May 2014, Plaintiff mailed to eleven recipients an "affidavit
21 contract" to demand the return of her children and to direct their care; she received no response.
22 *Id.* Defendant court clerks allegedly refused to file several documents Plaintiff submitted for
23 filing: they refused to file in July 2014 an affidavit of birth; they refused to file in August 2014 a
24 "notice of removal of Social Security from the Social Security Agency on the Frank Ko and Jaya
25 Ko," and they refused to file an "affidavit of owner to title to deed; foreign passports." *Id.* at 5-6.
26 On at least one document, the clerks stamped "received," but that was unsatisfactory to Plaintiff
27 because it meant to her that the document was "without effect in case proceeding." *Id.* at 6.
28 Eventually, clerk Cindy allegedly said that Plaintiff could not file papers and needed to have her

guardian ad litem file the papers. *Id.* Plaintiff's guardian ad litem informed Plaintiff that the superior court judge instructed the clerk not to file any of Plaintiff's papers. *Id.* While Plaintiff was in custody, she mailed some documents for filing in the dependency cases; the documents were returned to her with a "note saying [Plaintiff] is 'not a party,' or 'must file through [ guardian ad litem]' from inferior court clerk." *Id.*

Plaintiff alleges several specific causes of action. She claims that the slow and inadequate handling of her requests to view the files and obtain transcripts, the refusal to file certain documents for her, and the refusal to return her children by defendants have violated her state law right to access government information. *Id.* at 7. Plaintiff further claims that Defendants have violated her due process right to recover her children. *Id.* at 8. Plaintiff also claims that Defendants' acts have resulted in her children being held in slavery and involuntary servitude in violation of their rights under the Thirteenth Amendment to the U.S. Constitution. *Id.* at 9. Finally, Plaintiff claims that Defendants' acts have resulted in an impairment of contracts, in violation of Article I, section 10, of the U.S. Constitution.

For relief, Plaintiff requests declaratory relief. She also requests injunctive relief, i.e., for the superior court clerks to file her documents and allow her to see the case files, for state officials to return her children, and for state officials to care for her children in the manner Plaintiff directs in her affidavit (which she contends is a contract). Docket No. 8 at 10-11.

### III.   DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the

3

violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A. <u>*Younger* Abstention Requires Dismissal Of Challenges To The Dependency Proceedings</u>

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). *Younger* abstention is allowed only in cases within "three exceptional categories." *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 134 S. Ct. 584, 592 (2013). Those categories are: (1) "parallel, pending state criminal proceeding[s]," (2) "state civil proceedings that are akin to criminal prosecutions," and (3) state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 588. Cases in the second category, i.e., those akin to criminal prosecutions," typically have a state actor as a party (often as the party initiating the action in state court) and commonly involve investigations ("often culminating in the filing of a formal complaint or charges"). *Id.* at 592. Child dependency cases, where the State has taken or is attempting to take custody of children, fit the description of that second category of cases that are akin to a criminal prosecution. In fact, *Sprint* cited *Moore v. Sims*, 442 U.S. 415 (1977), as an example of the type of case that is in the second category of cases in which *Younger* abstention may be applied. *See Sprint*, 134 S. Ct. at 592. In *Moore*, the federal plaintiffs were challenging the constitutionality of the Texas Family Code after Texas had initiated a state proceeding to gain custody of children allegedly abused by their parents (who were the federal plaintiffs). *See Moore*, 442 U.S. 415.

"In civil cases, therefore, *Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citing *Sprint*, 134 S. Ct. at 593–94). "If these 'threshold elements' are met," the federal court then considers "whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger*

4

applies." *Id.*

Here, the criteria for *Younger* abstention are met under the *ReadyLink* test. First, the state child dependency proceedings are ongoing, according to Plaintiff. Second, there is a "quasi-criminal enforcement action," i.e., the government-initiated proceeding pending in which Santa Clara County DFCS has taken custody of Plaintiff's children and has placed them in foster care. This is similar to the state proceeding in *Moore*, and shows this case to be within in the second of the "three exceptional categories" of cases in which *Younger* abstention applies. *See Sprint*, 134 S. Ct. at 592 (citing *Moore,* 442 U.S. 415).[1] Third, the state proceedings implicate an important state interest, i.e., the interest in protecting children within California from allegedly neglectful or abusive parents. Fourth, Plaintiff has not identified any federal challenge that she cannot raise in state court. The state proceedings themselves are not alleged to limit the federal challenges that may be made by the parents of a child in a dependency case. The threshold elements are met for *Younger* abstention. *See ReadyLink*, 754 F.3d at 759. Much of Plaintiff's action here would have the practical effect of enjoining the state proceedings as Plaintiff wants this Court to direct the Santa Clara County Superior Court and DFCS to return her children to her and to provide care for her children in the manner she specifies.

A party may avoid application of the *Younger* abstention doctrine if "'the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence

---

[1] Not all cases in which family law proceedings are pending in state court fit in the second *Sprint* category. For example, in *Cook v. Harding*, 879 F.3d 1035 (9th Cir. 2018), the court held that *Younger* abstention did not apply to a § 1983 action brought by a gestational surrogate against state and county personnel as well as other party to her gestational surrogacy contract challenging the constitutionality of California Family Code section affording protection to surrogacy contracts. "[F]ederal courts cannot ignore *Sprint's* strict limitations on Younger abstention simply because states have an undeniable interest in family law." *Cook*, 879 F.3d at 1040. In *Cook*, the state court case was not a civil enforcement proceeding: the plaintiff had filed the state court action challenging the constitutionality of the statute, the state had not initiated the state court proceedings, and the state action was not akin to a criminal prosecution. *Id.* at 1040. Importantly, *Cook* distinguished its facts from those in *Moore*, where the federal plaintiffs were challenging the constitutionality of the Texas Family Code after the state had initiated child custody proceedings. *See Cook*, 879 F.3d at 1040. By distinguishing *Moore*, *Cook* supports the view that *Younger* abstention is appropriate when, as here, the federal plaintiff files an action that implicates an ongoing state court state-initiated child custody case in which the State has taken children from their parents.

and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Gilbertson v. Albright*, 381 F.3d 965, 983 (9th Cir. 2004) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975)). Here, Plaintiff does not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, unconstitutional statute, or bias of the tribunal. *See generally Younger*, 401 U.S. at 46, 53–54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention). The *Younger* factors weigh strongly against interfering with the state child dependency proceedings. *Younger* abstention is warranted as to Plaintiff's claims that seek the return of her children and to direct the manner of their care while they are subject to dependency proceedings in California. *See Juidice v. Vail*, 430 U.S. 327, 348 (1977) (where a district court finds Younger abstention appropriate, the court may not retain jurisdiction and should dismiss the action).

An overarching theme of the amended complaint is that the child dependency proceedings are wrong and must be stopped. The *Younger* abstention doctrine requires dismissal of the action to the extent it attacks the dependency proceedings, seeks return of Plaintiff's children, and seeks to direct the manner of their care while they are subject to dependency proceedings in California. But there also are individual claims that might not be subject to *Younger* abstention. The Court next considers those individual claims for relief against Defendants.

B. <u>The Individual Claims For Relief Must Be Dismissed</u>

Plaintiff asserts a claim under 42 U.S.C. § 1983 that Defendants have violated Plaintiff's state law rights to access the records in the child dependency proceedings. Section 1983 does not provide a cause of action for a violation of state law, and instead only provides a cause of action for a violation of the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. at 48. Plaintiff has not identified any federal authority, nor has the Court found federal authority, conferring a federal right to access state court and state agency records. The federal laws for requesting records -- i.e., the Freedom of Information Act (FOIA), 5 U.S.C. § 522, and the Privacy Act, 5 U.S.C. § 522a, apply only to federal agencies, and not to "state agencies or bodies." *St. Michaels Convalescent Hosp. v. California,* 643 F.2d 1369, 1373 (9th Cir. 1981). Because there is no claim that gives this Court original jurisdiction and that is not being dismissed, Plaintiff must

pursue any state law claims for production of state agency and state court records in state court, if at all.

Plaintiff also asserts a claim under 42 U.S.C. § 1983 that Defendants have violated Plaintiff's state law rights by not filing the documents she has submitted for filing in the state court dependency proceeding. Her allegations indicate that, as to at least some documents, the Defendants have determined (or been instructed by a judge) that the documents should not be filed because Plaintiff is represented by a guardian ad litem and appointed counsel. As mentioned in the preceding paragraph, § 1983 does not provide a cause of action for a violation of state law.

There is a federal constitutional right of access to the courts, for inmates as well as persons involuntarily committed to a mental institution. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1995). The provision of court-appointed counsel satisfies the government's obligation to provide meaningful access to the courts to a criminal defendant, *see United States v. Wilson,* 690 F.2d 1267, 1272 (9th Cir. 1983), and there is no reason for different treatment in this respect for a person whose children are subject to a dependency proceeding. Here, both a guardian ad litem and counsel were provided to Plaintiff in the child dependency proceedings, which are the only cases (i.e., one for each child) in which she allegedly was not allowed to file documents *pro per*. The provision of court-appointed counsel to represent Plaintiff in the child dependency proceedings provided her meaningful access to the courts. Any action by the Santa Clara County Superior Court that denied her the additional avenue of filing *pro per* papers in the cases in which the State had provided her court-appointed counsel did not result in a denial of Plaintiff's constitutional right of access to the courts. *See Williams v. Yuen*, 684 F. App'x 636 (9th Cir. 2017), *affirming Williams v. Yuen*, 2016 WL 9110167 (N.D. Cal. 2016) (affirming dismissal of complaint alleging that court clerks violated civil-commitment-detainee's constitutional rights by not accepting for filing documents he submitted *pro se* at a time when he was being represented by counsel in that action); *Gross v. Norman*, 576 F. App'x 318, 320 (5th Cir. 2014) (jail officials' alleged destruction of *pro se* motions plaintiff was preparing in a case in which he was represented by counsel did not implicate his right of access to the courts because he could not file *pro se* motions while represented by counsel); *Pedro v. Sakai*, 72 F.

7

App'x 698 (9th Cir. 2003) (district court properly dismissed § 1983 access-to-the-courts claim; "[a]lleging that the [state court] justices denied Pedro access to courts by ignoring his *pro se* filings when he was represented by counsel does not state a claim for injunctive relief."). The amended complaint does not state a claim upon which relief may be granted for denial of access to the court.

The Santa Clara County Superior Court clerks' alleged refusal to accept a *pro per* filing from a litigant in a case in which that litigant was represented by counsel was not an unusual event. The refusal to allow *pro se* filings from litigants represented by counsel is a widespread practice in state and federal courts. *See, e.g., People v. Clark*, 3 Cal. 4th 41, 173 (Cal. 1992) ("Motions and briefs of parties represented by counsel must be filed by such counsel," although court will "accept and consider pro se motions regarding representation, including requests for new counsel" that are "clearly labeled as such" and are "limited to matters concerning representation."); *United States v. Mujahid*, 799 F.3d 1228, 1236 (9th Cir. 2015) (district court acted within its discretion in declining to grant request made *pro se* by a litigant who was then represented by counsel); *McCullough v. Graber*, 726 F.3d 1057, 1059 n.1 (9th Cir. 2013) (declining to consider *pro se* letters from habeas petitioner because he was represented by counsel); *Rosenblum v. Campbell*, 370 F. App'x 782 (9th Cir. 2010) (denying petitioner's motion for leave to file a *pro se* supplemental brief; "[b]ecause [petitioner] is represented by counsel, only counsel may submit filings.") Moreover, ordering the state court to accept Plaintiff's filings would be in the nature of a writ of mandamus, yet the federal court has no authority to issue a writ of mandamus to a state court.[2]

---

[2] The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The federal mandamus statute only reaches *federal* officers and employees. "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966). A petition for a writ of federal mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991); *see also In re Campbell,* 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition).

Plaintiff next asserts a § 1983 claim that Defendants are interfering with her "due process right to recover her children." Docket No. 8 at 11. Defendants are not alleged to have had any role in the decision-making in the dependency proceedings. Even if Plaintiff had the correct Defendant for such a claim -- e.g., had named the person who decided to remove the children from the home -- the claim would be covered by the *Younger* abstention ruling discussed above; the Court will not interfere with the state court's rulings regarding the placement and care of the children.[3]

Plaintiff next claims that Defendants have enslaved Plaintiff's children in violation of the Thirteenth Amendment's prohibition of slavery and involuntary servitude. U.S. Const. amend. XIII. Plaintiff's theory is that Defendants "held and continue holding [Plaintiff's] children in slavery/involuntary servitude against each child's will and against [Plaintiff's] will where there is also an absence of any evidence yet to be brought forth or any injuries or harm[]." Docket No. 8 at 9. She further alleges that the holding of the children "is then a commercial event -- and being such in its nature then makes the children into debt prisoners." *Id.* Plaintiff's allegations fail to state a claim that is plausible on its face, both because she is asserting the claim against Defendants who did not take part in the decision-making regarding the child removal and dependency proceedings and because the allegations of slavery are fanciful. Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Moreover, this claim pertains directly to the dependency

---

[3] The Court will not grant leave to further amend so that Plaintiff can attempt to name correct defendants for her claim. First, as explained in the text, even if she had the correct defendants, *Younger* abstention would apply. Second, Plaintiff has filed more than two dozen actions pertaining to the dependency proceedings, and has specifically chosen to sue different categories of defendants in different actions rather than to attempt to assert all her claims pertaining to the dependency proceedings in a single action. For example, she sued court clerks in this case; she sued a custodian of records in Case No. 17-cv-4229 EMC; and she sued a judge in Case No. 17-cv-4825 EMC.

9

proceedings and is covered by the *Younger* abstention ruling discussed above; the Court will not interfere with the state court's rulings regarding the placement and care of the children.

Plaintiff next claims that Defendants violated the Contracts Clause of the U.S. Constitution. *See* U.S. Const, art. I, § 10 ("No State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.") Plaintiff alleges that Defendants "breached and continue to breach [Plaintiff's] contract in her demand to return her children" and her demands for the manner in which her children should be cared. Docket No. 8 at 9. The alleged "contract" is the affidavit that Plaintiff prepared and sent to several people, none of whom responded. *See* Docket No. 8 at 3, 10. But an affidavit does not have some of the essential ingredients of a contract, as it is does not reflect an agreement between two or more parties to do or not do a certain thing. *See* Cal. Civ. Code §§ 1549, 1550. There is no allegation plausibly suggesting that the affidavit is a contract to which anyone other than Plaintiff agreed. This claim is dismissed because Plaintiff has not alleged any actual contract, let alone the enactment of any *law* that impaired a contract. *See Ross v. State of Oregon*, 227 U.S. 150, 162-63 (1913) (Contracts Clause applies to exercise of legislative authority).

C.  Requests For Copies

Plaintiff has filed a request under the Freedom of Information Act (FOIA) and the Privacy Act to obtain copies of the case file for this action as well as numerous other actions. Her requests are DENIED. *See* Docket Nos. 16-19. FOIA, 5 U.S.C. § 522, and the Privacy Act, 5 U.S.C. § 522a, generally apply to agencies in the Executive Branch of the United States of America, but do not apply to the federal courts. *See Warth v. Department of Justice*, 595 F.2d 521, 522 (9th Cir. 1979) ("definition of the term 'agency' expressly exempts 'the courts of the United States' from the [FOIA's] operation. 5 U.S.C. § 551(1)(B). Thus, the provisions of the FOIA impose no obligation on the courts to produce any records in their possession.'") The Privacy Act uses the same definition of agency as FOIA. *See* 5 U.S.C. § 552a(a)(1); *see also id.* at §§ 551(1)(B), 552(f). A federal court therefore is not subject to the Privacy Act. *See Ramirez v. Department of Justice*, 594 F. Supp. 2d 58, 62 (D. D.C. 2009), *aff'd* 2010 WL 4340408 (D.C. Cir. 2010). Plaintiff is not entitled to any documents from the Court under either FOIA or the Privacy Act.

As a courtesy, the clerk will send to Plaintiff a copy of the docket sheet for this action, as well as the initial pleading, the document at Docket No. 8, and the Court's orders in this action. A courtesy copy of the entire file will not be provided because there are many pages in the case file, and most of those pages are low-value items like copies of envelopes and requests for photocopies from the plaintiff. Also, Plaintiff has requested documents from numerous other cases she has filed, increasing the burden of providing copies to her. If Plaintiff wants specific documents from the case file, she should use the Court's photocopy order form to order those documents. Plaintiff is cautioned that she must pay for copies of any documents she orders.

## IV. CONCLUSION

For the foregoing reasons, this action is DISMISSED because *Younger* abstention is required as to the claims pertaining to the state court child dependency proceedings and because the amended complaint does not state a claim upon which relief may be granted for any claim not covered by *Younger* abstention. Further leave to amend is not granted because it would be futile: the problems in the amended complaint could not be overcome by further amendment.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: April 12, 2018

EDWARD M. CHEN
United States District Judge